**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

MICHAEL S. GORBEY, #317611,

           Petitioner,

v.                                    ACTION NO. 2:12cv667

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

           Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**

    This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

    On December 13, 1999, Petitioner Michael S. Gorbey, pled guilty to two felonies, possession of a firearm by a convicted felon, and failure to appear. *Commonwealth v. Gorbey*, CR98-586, CR99-383 (Va. Cir. Ct. Dec. 13, 1999). He was sentenced to five years in prison, with all but one year and five months suspended. *Commonwealth v. Gorbey*, CR98-586, CR99-383 (Va. Cir. Ct. Feb. 3, 2000). He also was sentenced to two years of probation after release from incarceration. *Id.* Upon release, Petitioner failed to report for probation in Culpeper, Virginia, where he had been instructed to reside, and the court issued a capias for his detainment.

*Commonwealth v. Gorbey*, CR98-586 (01), CR99-383 (01) (Va. Cir. Ct. May 21, 2001).   In January of 2003, he was detained under that capias, and pled guilty to violation of his probation. *Commonwealth v. Gorbey*, CR98-586 (01), CR99-383 (01) (Va. Cir. Ct. Jan. 14, 2003).   The suspension of his sentence was revoked and all but time served was resuspended, and two years of probation were imposed.   *Id.*   The Circuit Court for the County of Faquier also allowed Petitioner to live in West Virginia.   *Id.*

Petitioner was released from custody on February 13, 2003, and was instructed to contact his probation officer, in person or by phone, upon release.   He failed to do so, and upon a written statement from his probation officer detailing as such, on June 24, 2003, the Circuit Court for the County of Faquier issued a second capias.   *Commonwealth v. Gorbey*, CR98-586 (02), CR99-383 (02) (Va. Cir. Ct. June 24, 2003).

Between 2003 and 2008, Petitioner was detained and released multiple times under this capias.   ECF No. 22-5.   He was first detained by Monongalia County in December of 2003, but was released on April 30, 2004 because Virginia failed to extradite him.   *West Virginia v. Gorbey*, Mag. Ct. No. 03F-506 (W. Va. Cir. Ct. Apr. 30, 2004).   Petitioner was detained between five and ten times total on this capias, in West Virginia and Colorado. *Compare* ECF No. 22-5 *with* Pet'r's Stat. of Facts in Supp. of Pet. § 2254 2, ECF No. 12-1.   In 2012, Petitioner received a letter from the Virginia Department of Corrections Division of Probation and Parole Services detailing Petitioner's history of parole violations and indicating that the 2003 capias had been replaced with another capias on July 22, 2010.   ECF No. 22-4.

On February 17, 2011, Petitioner moved for a written dismissal order of all charges relating to the capias in the Circuit Court for the County of Faquier, which was denied as

2

inappropriate on April 26, 2011. *Commonwealth v. Gorbey*, CR98-586 (02), CR99-383 (02) (Va. Cir. Ct. Apr. 26, 2011). Petitioner did not appeal the Circuit Court's decision, but did file a petition for a state writ of habeas corpus on November 8, 2011. *Gorbey v. Commonwealth*, Case No. CL11-697 (Va. Cir. Ct. Jan. 11, 2012). It was dismissed on January 11, 2012, and the court denied reconsideration on February 1, 2012. *Gorbey v. Commonwealth*, Case No. CL11-697 (Va. Cir. Ct. Feb. 1, 2012). Petitioner appealed to the Virginia Supreme Court, which denied his petition, and denied reconsideration. *Gorbey v. Commonwealth*, Record No. 120598 (Va. Dec. 3, 2012).

Petitioner filed a petition with this court on December 7, 2012 (ECF No. 1) and an amended petition on May 10, 2013 (ECF No. 12). He asserts he is entitled to relief because (1) he is actually innocent of the 2003 capias; (2) he is actually innocent of any probation violation; (3) he is actually innocent of the 2000 possession of a firearm and failure to appear charges; and (4) he received ineffective assistance of counsel with regards to both the original charges and the first capias because both attorneys encouraged Petitioner to plead guilty without requisite investigation, and his attorney for the original charges should have informed him that he had probation. *Id.* Respondent filed a Rule 5 Answer and Motion to Dismiss on June 17, 2013 (ECF Nos. 15-16), to which Petitioner replied on June 24, 3013 (ECF No. 22). Accordingly, this case is ripe for adjudication.

## II.  <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The petitioner's claims are barred by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

(1)  A 1-year period of limitations shall apply to an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
. . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2012).  Section 2244(d) is part of the Antiterrorism and Effective Death Penalty Act (AEDPA) which was signed into law on April 24, 1996.  Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, §§101 (1996).

First, under the statute, the Court must determine when the statute of limitations period began to run on Petitioner's claim. The statute of limitations starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(B) (2012). Court action on Petitioner's original conviction ended on February 3, 2000, the date on which the court entered his sentencing order. Petitioner then had thirty days to note an appeal to the Virginia Court of Appeals, which he did not. Therefore, thirty days after his conviction, March 6, 2000 (accounting for the fact that the thirtieth day, March 4, fell on a weekend), was the expiration of his time to seek direct appellate review of his conviction and the date that the statute of limitations started to run on filing his federal habeas petition alleging the unconstitutionality of his original criminal conviction and

4

sentence.

To the extent that Petitioner is alleging that the issuance of the capias violated his constitutional rights, the statute of limitations would begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Giving deference to the Plaintiff, the Court will examine both capias issued by the Circuit Court. Under this standard, a capias would become cognizable for habeas review on the date on which they are issued. Thus, the second capias would be cognizable on its June 24, 2003 issuance date, and a federal petition challenging it would have to be filed by June 24, 2004. While the Court is not conceding that the reissued July 22, 2010 capias is relevant to this petition, any federal habeas challenge would have to be brought by July 22, 2011.

The applicable statute in this case, 28 U.S.C. § 2244(d), also mandates that the statute of limitations be tolled during the time in which the petitioner has properly filed an application for "post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (2012). Petitioner, however, is not entitled to this tolling because his state filing occurred after his federal statute of limitations had run. Petitioner had one year from the above dates on which the claim and capias became final to file his federal petition, but he did not file his writ for state habeas corpus review until November 8, 2011. This applies even to the 2010 re-issued capias, because the state statute of limitations requires a filing within one year of the final judgment, which Petitioner missed by seventy-eight days. Thus, because it was not filed within the state's one year statute of limitations, Petitioner is not entitled to tolling.

Petitioner filed this federal claim on December 7, 2012, which is twelve years, nine

months, and one day, or 4,659 days, from the Circuit Court's final judgment.  It is also nine years, four months, and thirteen days from the date of finality of the first capias in 2003, and two years, three months, and fifteen days from the date of finality of the second capias.  This is well beyond the one year statute of limitations period set forth by the statute, and therefore, Petitioner's petition is barred by the statute of limitations.

Petitioner impliedly argues that equitable tolling should apply in this case, because he alleges he did not know of the capias until he was arrested.  The Court finds that equitable tolling of the statute of limitations is inapplicable in this case.  Although the federal limitations period can be subject to equitable tolling, the burden falls on the Petitioner to demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).  Petitioner bears the strong burden of asserting specific facts to demonstrate both elements. *Id.*

Petitioner's implied claim is unpersuasive; Petitioner offers no evidence of diligence or extraordinary circumstance.  Both the Circuit Court's original sentencing, and the January 14, 2003 order revoking Petitioner's original probation and resentencing him, explicitly state that Petitioner was required to serve two years of probation following each sentence.  *Commonwealth v. Gorbey*, CR98-586 (01), CR99-383 (01) (Va. Cir. Ct. Jan. 14, 2003); *Commonwealth v. Gorbey*, CR98-586, CR99-383 (Va. Cir. Ct. Feb. 3, 2000).  Petitioner's claims that he did not know he was on probation in Virginia demonstrate a lack of diligence; he could have easily discovered so by reading his court documents.  There is a similar lack of any demonstrable evidence showing extraordinary circumstance.

Although the Court does not believe Petitioner has made a case for equitable tolling, if the Court were to assume that both diligence and extraordinary circumstance were demonstrated, Petitioner would still be untimely in filing his federal petition.  Assuming arguendo that Petitioner did not realize his probation had been revoked until he was arrested under either capias, the lack of knowledge qualified as an extraordinary circumstance, and the circumstance fell under 28 U.S.C. § 2244(d)(1)(D) (the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence), the proper time for bringing a federal habeas petition regarding those arrests would be within one year after discovering the factual predicate, or within one year of Petitioner's first arrest under the capias.  Accordingly, the proper time for filing federal habeas petitions under either capias would be on or about December 10, 2003 (one year from his arrest on or about December 10, 2002[1] on the initial capias, *see Commonwealth v. Gorbey*, CR98-586, CR-99-383 (01) (Va. Cir. Ct. Dec. 10, 2002)) or December 19, 2004 (one year from his December 19, 2003 first West Virginia arrest under the second capias, ECF No. 22-5).  Petitioner did not file a petition with the federal court until December 7, 2012, several years outside these statutes of limitations.  The Court finds equitable tolling does not apply in this case, because Petitioner failed to show diligence or extraordinary circumstance.  Even if time between the probation revocations and Petitioner's apprehension under them were tolled, the petition remains untimely, and Petitioner failed to carry his burden.

Finally, Petitioner also claims actual innocence of the underlying charges.  The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a

---

[1] Court documents indicate that Petitioner had an appearance in the Circuit Court for the County of Faquier on December 10, 2002.  The court concedes that Petitioner may have been actually arrested up to a few days prior, if a late arrest, weekend, or holiday prevented him from coming immediately before a judge.  However, construing facts and dates in the light most favorable to Petitioner, the court will presume a December 10 arrest date.

petitioner may pass" to bring claims after the statute of limitations expires. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("[A] credible showing of innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 1931.). However, "claims of actual innocence are rarely successful," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and "should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998).

The standard of review is a demanding one. It requires that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Perkins*, 133 S.Ct. at 1936, quoting *Schlup*, 513 U.S. at 316. In order to demonstrate the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must present new evidence to support his claim of actual innocence, and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

The new evidence must be "reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Thus, to accompany any actual innocence claim, the petitioner must put forward new, credible evidence that supports their assertion. If a petitioner meets that burden, the district court must then look to all evidence, "'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial,' and determine[] whether the petitioner has met the standard for a gateway claim of innocence." *Perry v. Virginia*, No. 3:13cv327, 2013 WL 4590619 (E.D. Va. Aug. 28, 3013),

8

*quoting House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted).   The reviewing court considers "the probative force of relevant evidence that was either excluded or unavailable at trial," and determines whether, in light of that evidence, the petitioner has met their burden to prove that it is likely that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327-28.   If the petitioner does not prove that likelihood with reliable new evidence, the inquiry stops.

Diligence is not a requirement for an actual innocence claim; however, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Perkins*, 133 S.Ct. at 1928.

Petitioner in this case claims actual innocence to three of the charges: the underlying charges of felon in possession of a firearm and failure to appear, the probation violation charges, and the 2003 capias.   However, he has not met his burden of proof for these claims to be cognizable by this court.   In order for the Court to examine Petitioner's claims of actual innocence, he would have to provide new evidence, not available at trial that is both credible and exculpatory.   Petitioner did not offer any new or additional evidence with his petition; he merely reiterated former petitions and stressed the existence of a conspiracy between multiple states and the federal government to keep him in prison.   Pet'r's Pet. For Writ of Habeas Corpus 5, ECF No. 12.   Without additional credible, exculpatory evidence, this court cannot examine Petitioner's claims of actual innocence.   Thus, because Petitioner failed to introduce new evidence with his petition, he cannot use the actual innocence claims as a gateway through which to bring his ineffective assistance of counsel claims outside the statute of limitations.

## III.  RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and Respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v.*

*Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).


                                             _____/s/_____
                                                       Tommy E. Miller
                                             United States Magistrate Judge


Norfolk, Virginia
November 13, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was forwarded this date to the

following:

Michael S. Gorbey
D.C. #317611
D. C. DOC Jail
1901 D Street S.E.
Washington, DC 20003

Robert Homer Anderson, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____

Clerk of the Court

November 6, 2013

12